UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALFONSO GOMES REYNALDO,

Petitioner,

v.

A. ARNOLD,

Respondent.

No. 2:15-cv-2182 KJM DB P

ORDER

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus under 28 U.S.C. § 2254. On June 2, 2016, respondent moved to dismiss the petition on the grounds that it is untimely and petitioner failed to exhaust his state remedies. (ECF No. 14.) On August 15, 2016, petitioner was ordered to show cause why this action should not be dismissed for his failure to respond to the June 2 motion. (ECF No. 17.) On August 25, petitioner moved for a 60-day extension of time to respond to the motion. (ECF No. 18.) On August 30, the court granted petitioner a 30-day extension of time. (ECF No. 19.) When that thirty day period expired, this court issued findings and recommendations that the action be dismissed for petitioner's failure to respond to the motion to dismiss. (ECF No. 21.) The court now notes that petitioner did, in fact, file a response to the motion to dismiss prior to issuance of the findings and recommendations. (See ECF No. 20.) Accordingly, the court will withdraw the findings and recommendations and consider petitioner's response.

Petitioner has filed a document entitled a motion for stay and abeyance. (ECF No. 20.) Therein, petitioner appears to concede that his claims are unexhausted. He seeks a stay of these proceedings to file his claims in state court to exhaust them. However, staying these proceedings will be fruitless if petitioner's claims were filed too late. Respondent's motion to dismiss did not only raise the exhaustion issue. In that motion, respondent also argues that petitioner's claims are barred by the statute of limitations. Section 2244(d) (1) of Title 28 of the United States Code contains a one-year statute of limitations for filing a habeas petition in federal court. The limitations period runs from the date that the state court judgment becomes final by the conclusion of direct review or the expiration of time to seek direct review. 28 U.S.C. §2244(d)(1)(A); Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010). The time during which a "properly filed" application for state post-conviction relief is pending does not count toward this one-year period. § 2244(d)(2); Porter, 620 F.3d at 958.

A habeas petitioner is entitled to equitable tolling of AEDPA's one-year statute of limitations only if the petitioner shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009). An extraordinary circumstance must be more than merely "oversight, miscalculation or negligence on the petitioner's part." Waldron–Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009) (quoting Harris v. Carter, 515 F.3d 1051, 1055 (9th Cir. 2008)). Rather, petitioner must show that some external force "stood in his way." Id.

The court will give petitioner one final opportunity to file an opposition to respondent's motion to dismiss. Petitioner is advised that his failure to file a timely opposition will result in a recommendation that this action be dismissed.

Accordingly, IT IS HEREBY ORDERED as follows:

1. The court's October 11, 2016 Findings and Recommendations (ECF No. 21) are withdrawn; and

////

2. Within thirty (30) days of the date of this order, petitioner shall address the statute of limitations issues raised by respondent in the June 2, 2016 motion to dismiss. Petitioner's failure to do so will result in a recommendation that this action be dismissed.

Dated: October 18, 2016

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-habeas/Reyn2182.mtd oppo