UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFONSO GOMES REYNALDO,<br><br>    Petitioner,<br><br>    v.<br><br>A. ARNOLD,<br><br>    Respondent. | No. 2:15-cv-2182 KJM DB P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner raises one claim in his petition - that he was sentenced to four years but has served far more time than that. On June 2, 2016, respondent filed a motion to dismiss the petition on the grounds that it is untimely and petitioner failed to exhaust his state court remedies. Plaintiff opposes the motion and has also filed a motion to stay these proceedings. For the reasons set forth below, this court recommends both motions be denied without prejudice and that petitioner be ordered to respond to respondent's contention that there is no factual basis for petitioner's claim.

**BACKGROUND**

Petitioner was convicted of second degree murder and assault with a deadly weapon. On January 5, 2007, petitioner was sentenced to a term of nineteen years to life, fifteen years on the murder conviction and a consecutive term of four years on the assault conviction. (Abstract of

1

1  Judgment, Lodged Doc. ("LD") 1.[1])  On April 3, 2008, the California Court of Appeal for the
2  Third Appellate District affirmed the conviction.  (Order in People v. Gomes Reynaldo, No.
3  C054626 (LD 2).)  Petitioner did not seek direct review in the California Supreme Court.
4      Petitioner filed one state habeas petition in the California Supreme Court on August 2,
5  2009.  (LD 3.)  The California Supreme Court denied the petition on January 13, 2010.  (LD 4.)
6      Petitioner filed the present federal petition on October 17, 2015.  (ECF No. 1.)
7      On June 2, 2016, respondent moved to dismiss the petition on the grounds that it is
8  untimely and petitioner failed to exhaust his state remedies.  (ECF No. 14.)  The document
9  petitioner filed in response to respondent's motion was entitled "Motion for Stay and Abeyance."
10 (ECF No. 20.)  The court noted that a stay of the proceedings would be fruitless if the petition
11 was untimely and the case should be dismissed.  The court gave petitioner one final opportunity
12 to file an opposition addressing respondent's argument that the petition is untimely.  (ECF No.
13 21.)  On November 21, 2016, petitioner filed an opposition to the motion to dismiss (ECF No. 23)
14 and on February 8, 2017, respondent filed a reply (ECF No. 29).

## MOTION TO DISMISS

16  Respondent seeks dismissal of the petition because petitioner failed to file it within the
17 one year statute of limitations and failed to exhaust his state remedies.  (See ECF No. 14.)
18 Petitioner argues he should be entitled to equitable tolling of the statute of limitations because he
19 is not mentally competent, has limited English language skills, and is unfamiliar with the law.
20 (ECF No. 23.)  In an apparent admission that his claim in the petition is not exhausted, petitioner
21 also moves for a stay of these proceedings so that he may exhaust.  (ECF No. 20.)
22  Below, the court addresses only the statute of limitations issue; issues of exhaustion and a stay
23 will be addressed, if necessary, at a later date.  In addition, the court addresses respondent's
24 contention, raised in a footnote to his motion, that petitioner's claim is factually baseless.
25 ////
26 ////

---

[1] On June 3, 2016, respondent lodged documents from petitioner's state court proceedings.  (See ECF No. 15.)

I. **Legal Standards**

A. **Standards for Motion to Dismiss**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." The Court of Appeals for the Ninth Circuit construes a motion to dismiss a habeas petition as a request for the court to dismiss under Rule 4. See O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990). Accordingly, the court will review respondent's motion to dismiss pursuant to its authority under Rule 4.

In ruling on a motion to dismiss, the court "must accept factual allegations in the [petition] as true and construe the pleadings in the light most favorable to the non-moving party." Fayer v. Vaughn, 649 F.3d 1061, 1064 (9th Cir. 2011) (quoting Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1030 (9th Cir. 2008)). In general, exhibits attached to a pleading are "part of the pleading for all purposes." Hartmann v. Cal. Dept. of Corr. and Rehab., 707 F.3d 1114, 1124 (9th Cir. 2013) (quoting Fed. R. Civ. P. 10(c)).

B. **Statute of Limitations**

The habeas statute's one-year statute of limitations provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

3

Under subsection (d)(1)(A), the limitations period runs from the time an appeal, petition for review to the California Supreme Court, or a petition for certiorari to the United States Supreme Court was due, or, if one was filed, from the final decision by that court. Lawrence v. Florida, 549 U.S. 327, 339 (2007).

The limitations period is statutorily tolled during the time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). A state petition is "properly filed," and thus qualifies for statutory tolling, if "its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000). "The period between a California lower court's denial of review and the filing of an original petition in a higher court is tolled—because it is part of a single round of habeas relief—so long as the filing is timely under California law." Banjo v. Ayers, 614 F.3d 964, 968 (9th Cir. 2010) (citing Evans v. Chavis, 546 U.S. 189, 191-93 (2006)); see also Carey v. Saffold, 536 U.S. 214, 216-17 (2002) (within California's state collateral review system, a properly filed petition is considered "pending" under section 2244(d)(2) during its pendency in the reviewing court as well as during the interval between a lower state court's decision and the filing of a petition in a higher court, provided the latter is filed within a "reasonable time").

The limitations period may be equitably tolled if a petitioner establishes "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). An extraordinary circumstance must be more than merely "'oversight, miscalculation or negligence on [the petitioner's] part.'" Waldron–Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009) (quoting Harris v. Carter, 515 F.3d 1051, 1055 (9th Cir. 2008)). Rather, petitioner must show that some "external force" "stood in his way." Id. "The high threshold of extraordinary circumstances is necessary lest the exceptions swallow the rule." Lakey v. Hickman, 633 F.3d 782 (9th Cir. 2011) (citations and internal quotation marks omitted).

////

**II.     Analysis**

    **A.  Timeliness**

There are two possible commencement dates for the statute of limitations.  Under either commencement date, there is no question that petitioner filed his federal petition well outside the one-year statute of limitations.  Under the general rule, the limitations period commenced upon the conclusion of direct review or the time for seeking such review.  The state appellate court issued its opinion on April 3, 2008.  Plaintiff then had forty days to seek review in the California Supreme Court.  See Cal. Ct. R. 8.366(b) (Court of Appeal decision is final thirty days after it is filed), 8.500(e) (petition for review to the California Supreme Court must be filed within ten days after Court of Appeal decision is final).  Therefore, the time to seek review in the California Supreme Court expired on May 13, 2008 and the statute of limitations began to run the next day on May 14, 2008.

A properly filed state habeas petition will toll the statute of limitations.  In the present case, petitioner filed that state habeas petition on August 2, 2009, more than one year after the conclusion of direct review on May 14, 2008.  Statutory tolling is unavailable because the state petition was filed after the statute of limitations expired.  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (Once the federal limitations period has expired, it may not be reinitiated by the filing of a state habeas petition, even if that habeas petition was timely under state law.)  Therefore, petitioner's federal petition is untimely.

Even if the court considered petitioner's state habeas petition to have tolled the statute of limitations, petitioner's federal petition would still be untimely.  The California Supreme Court denied the state habeas petition on January 13, 2010.  Petitioner did not file his federal habeas petition until more than five years later.

The second possible commencement date for petitioner's federal petition would be the date upon which he discovered the factual predicate of his claim.  See 28 U.S.C. § 2244(d)(1)(D).  Petitioner raises one claim – that he was sentenced to four years, but has served far more time than that.  It is possible that petitioner was not aware of this problem until his four-year-sentence had expired and he remained incarcerated.  Petitioner was sentenced on January 5, 2007.  If he

5

was serving only a four-year sentence, it would have expired on January 5, 2011 and the statute of limitations would have commenced the following day, January 6, 2011. Under this alternative commencement date, the statute of limitations expired on January 6, 2012, more than three years before petitioner filed the present federal petition. Thus, under either calculation of the commencement of the limitations period, petitioner's federal filing is untimely.

**B.  Equitable Tolling**

In his opposition, petitioner primarily makes new arguments that his conviction and/or sentence are unlawful. Petitioner does, however, briefly mention three grounds for equitable tolling. In addition, petitioner argues that where the judgment is "facially invalid, the collateral attack may be brought after one year." (ECF No. 23 at 2.) Petitioner cites no authority for this proposition and the court finds it does not create a basis for extending the statute of limitations.

With respect to equitable tolling, petitioner states that his "mental competence and his reliance upon nefarious assistance from his defense team, as well as 'jailhouse lawyers' resulted in creation of an extraordinary circumstance which prevented him from properly pursing [this habeas] remedy." (Id. at 3-4.) Petitioner goes on to contend that "it has taken petitioner many years and many attempts to locate a person with sufficient legal acumen and bi-lingual skills to enlighten and competently assist petitioner in his quest for [a] remedy." (Id. at 4.)

In Bills v. Clark, 628 F.3d 1092, 1093 (9th Cir. 2010), the Ninth Circuit concluded that "equitable tolling is permissible when a petitioner can show a mental impairment so severe that the petitioner was unable personally either to understand the need to timely file or prepare a habeas petition, and that impairment made it impossible under the totality of the circumstances to meet the filing deadline despite petitioner's diligence." Thus, under Bills, petitioner must establish two things. First, that he had a severe mental impairment that made it impossible to meet the filing deadline. 628 F.3d at 1099. Second, that he was diligent "in pursuing the claims to the extent he could understand them." Id.

Petitioner simply states that his "mental competence" amounts to an extraordinary circumstance. The only evidence in the record before this court that supports petitioner's assertion of a mental impairment is a "classification committee chrono" dated January 8, 2015

6

that is attached to petitioner's federal petition. (ECF No. 1 at 17.) That document reflects that, for the time period from January 11, 2014 through January 10, 2015, petitioner "was reviewed under P.C. 2962 and meets the criteria for referral as a Mentally Disordered Offender."

California Penal Code §§ 2960-2981 is the Mentally Disordered Offenders law, which provides that prisoners with a "severe mental disorder that was one of the causes of, or was an aggravating factor in, the commission of the crime for which they are incarcerated . . . should be provided with an appropriate level of mental health treatment while in prison and when returned to the community." Cal. Penal Code § 2960. Under § 2962, a "severe mental disorder" is defined as

> an illness or disease or condition that substantially impairs the person's thought, perception of reality, emotional process, or judgment; or which grossly impairs behavior; or that demonstrates evidence of an acute brain syndrome for which prompt remission, in the absence of treatment, is unlikely. The term "severe mental disorder," as used in this section, does not include a personality or adjustment disorder, epilepsy, mental retardation or other developmental disabilities, or addiction to or abuse of intoxicating substances.

Respondent argues petitioner's classification as a mentally disordered offender is only relevant to the time period described in the chrono - January 11, 2014, to January 10, 2015 – which is over four years after the limitations period expired. Respondent further argues that the document's authenticity is unverified because it is unsigned.

Respondent's arguments are, at this point, unhelpful. First, while the chrono only addresses a certain time period, the definition of a Mentally Disordered Offender is an inmate with a severe mental disorder "that was one of the causes of, or was an aggravating factor in, the commission of the crime for which they are incarcerated." Therefore, by definition, the severe mental disorder existed at the time of the commission of the crimes, and, it is reasonable to assume, thereafter.

Respondent's second argument, regarding the document's authenticity, is not well-taken. To meet his burden of showing he is entitled to equitable tolling at this point, petitioner need not "carry a burden of persuasion." Laws v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003). Rather,

////

petitioner needs to show only that "further investigation into the merits of his argument for tolling" is merited. Id.

To demonstrate that petitioner was, in fact, sufficiently competent to have filed a federal petition, respondent points to the fact petitioner filed a state habeas petition on August 2, 2009 and administrative appeals with the prison in March 2010, March 2013, and January 2014. While those filings are relevant to consideration of petitioner's mental competence, they are not dispositive. The Ninth Circuit has made it clear that "a district court must take care not to deny a claim for equitable tolling before a sufficient record can be developed." Biagas v. Walker, No. No. C 10-02429 SBA PR, 2013 WL 428640, at *4 (N.D. Cal. Feb. 1, 2013) (citing Laws, 351 F.3d at 924). Currently, the court has inadequate information about petitioner's mental competence. For these reasons, if petitioner's claim has a sufficient factual underpinning, as explained below, the court should order production of petitioner's mental health records and permit respondent to renew his motion to dismiss.

**C. Merits of Petitioner's Claim**

In his brief, respondent states in a footnote that denial of petitioner's claim on the merits is appropriate because petitioner's claim is based on an incorrect factual statement. (See ECF No. 14 at 4 n.3.) Petitioner's sole claim is that he is unlawfully confined because he was sentenced to four years but has served far more time than that. Petitioner relies on a superior court minute order addressing a motion for discovery. (See Ex. 2 to Pet. (ECF No. 1 at 11).) Therein, the court notes "that Defendant was sentenced to serve four years in the California Department of Corrections and Rehabilitation for violation of Penal Code section 245(a)(1)." Respondent has provided the court with documents demonstrating that the superior court mistakenly failed to note petitioner's full sentence in that order. Respondent provides copies of the Abstract of Judgment showing that petitioner was sentenced to fifteen years to life on the second degree murder conviction and four years on the assault with a deadly weapon conviction. (LD 1.) Respondent also provides a copy of the decision of the California Court of Appeal in People v. Gomes Reynaldo, No. C054626 (Apr. 3, 2008), in which the court describes petitioner's sentence as fifteen years plus four years. (LD 2.)

The statute of limitations issue is not jurisdictional and courts may consider the merits of a habeas petition despite a timeliness issue if the merits may be more easily resolved. Day v. McDonough, 547 U.S. 198, 205, 210 (2006) (a district court has discretion to decide whether the administration of justice is better served by dismissing the case on statute of limitations grounds or by reaching the merits of the petition); Bruno v. Director, CDCR, No. CIV S-02-2339 LKK EFB P, 2010 WL 367538, at *2 (E.D. Cal. Jan. 26, 2010) ("[T]he court elects to deny petitioner's habeas petition on the merits rather than reach the equitable tolling issues.").

In the present case, this court finds petitioner has not been provided an opportunity to respond to respondent's merits argument since that argument appears only in a footnote. Therefore, the court recommends giving petitioner an opportunity to do so.

To the extent petitioner is attempting to raise new claims in his opposition to the motion to dismiss, these claims are not relevant to the pending motion, which addresses only petitioner's claim in his current petition regarding the length of his sentence. See Schneider v. Cal. Dep't of Corrs., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("The 'new' allegations contained in the inmates' opposition motion . . . are irrelevant for Rule 12(b)(6) purposes."); Dearwester v. Sacramento Cty. Sheriff's Dep't, No. 2:13-CV-2064 MCE DAD, 2015 WL 3705822, at *3 (E.D. Cal. June 12, 2015), findings & reco. adopted, 2015 WL 4478085 (July 21, 2015). If petitioner wishes to make new claims, he must seek to amend the petition. However, petitioner is warned that any new claims will likely also be subject to statute of limitations and exhaustion issues.

For the foregoing reasons, IT IS HEREBY RECOMMENDED as follows:

1. Respondent's motion to dismiss (ECF No. 14) be denied without prejudice;
2. Petitioner's motion for stay and abeyance (ECF No. 20) be denied without prejudice; and
3. If these findings and recommendations are adopted, petitioner be ordered to file, within thirty days of the date of the adoption order, a brief addressing respondent's argument that petitioner's sentence is nineteen years to life, not four years as alleged in the petition.

////

9

1    These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).  In the objections, the party may address whether a certificate of appealability should issue in the event an appeal of the judgment in this case is filed. See Rule 11, Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated:  February 16, 2017

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-habeas/reyn2182.mtd fr