UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFONSO GOMES REYNALDO,<br><br>Petitioner,<br><br>v.<br><br>A. ARNOLD,<br><br>Respondent. | No. 2:15-cv-2182 KJM DB P<br><br>ORDER |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. In a document filed here on April 24, 2017, petitioner states that he wishes to voluntarily dismiss this action so that he may exhaust his claims in state court. (ECF No. 35.) For the reasons set forth below, the court will deny that request without prejudice and reconsider the statute of limitations issue based on petitioner's apparent attempt to raise new claims.

**BACKGROUND**

After waiving his right to a jury trial, petitioner was convicted by a trial court of second degree murder and assault with a deadly weapon. On January 5, 2007, petitioner was sentenced to a term of nineteen years to life, fifteen years on the murder conviction and a consecutive term of four years on the assault conviction. (Abstract of Judgment, LD 1.) In his appeal, petitioner argued that the trial court erred in sentencing him to the upper term for the assault conviction

1

because it relied on facts that were not found beyond a reasonable doubt. On April 3, 2008, the California Court of Appeal for the Third Appellate District rejected that claim and affirmed the conviction. (Order in People v. Gomes Reynaldo, No. C054626 (LD 2).) Petitioner did not seek direct review in the California Supreme Court.

Petitioner filed one state habeas petition in the California Supreme Court on August 2, 2009. (LD 3.) He raised the same claim he had raised on appeal. The California Supreme Court denied the petition on January 13, 2010. (LD 4.) The court's opinion states simply "The petition for writ of habeas corpus is denied. (*See In re Waltreus* (1965) 62 Cal.2d 218.)" (Id.) A citation to Waltreus indicates that the issues in the petition were raised on appeal. See Waltreus, 62 Cal. 2d at 225 (habeas "ordinarily cannot serve as a second appeal").

Petitioner filed the present federal petition on October 17, 2015. (ECF No. 1.) Therein, petitioner raises one claim – that he was sentenced to four years but has served far more time than that.

Respondent moved to dismiss the petition on the grounds that it was untimely and petitioner had not exhausted his state remedies. (See ECF No. 14.) In response, petitioner argued that he should be entitled to equitable tolling of the statute of limitations because he is not mentally competent, has limited English language skills, and is unfamiliar with the law. Petitioner also sought stay and abeyance of these proceedings to permit him to exhaust. (See ECF Nos. 20, 23.) Finally, petitioner mentioned other possible habeas claims in his opposition. (ECF No. 23.)

The court determined that it had insufficient information to rule on the statute of limitations issues because the court did not have petitioner's mental health records. The court then considered respondent's statement that petitioner's claim was, in any event, meritless because petitioner had been sentenced to a term of nineteen years to life. The court ordered petitioner to respond to respondent's evidence showing that petitioner's sentence was nineteen years to life. The court further informed petitioner that if he wished to raise additional claims, he must move to amend the petition. (ECF Nos. 32, 34.)

////

In a document filed April 24, 2017, petitioner did not directly address respondent's evidence showing the length of his sentence. Instead, petitioner states that his "jailhouse lawyer" failed to fully exhaust all of petitioner's sentencing issues in the lower courts. Petitioner contends that his mental health issues and severely limited grasp of the English language hindered his ability to assist in preparation of his petition. Petitioner seeks dismissal of this action without prejudice so that he may exhaust the "constitutional claims surrounding the totality of sentencing issues." (ECF No. 35.)

**DISCUSSION**

Petitioner contends he is a mentally ill inmate with limited English skills who is relying on the help of other inmates in these legal proceedings. While the claim made in petitioner's petition does not appear to have merit, petitioner seems to be attempting to raise other claims. In his opposition to the motion to dismiss, petitioner mentions a number of claims not made in his petition. In addition to the subject of his appeal – that the trial court committed a sentencing error in relying on some aggravating factors that had not been found by a jury – petitioner also appears to contend that his trial counsel was ineffective for failing to raise the sentencing error issue and for allowing petitioner to waive his right to trial by jury. Finally, petitioner mentions translation problems at trial, though he does not explain how he was prejudiced by those problems. (See ECF No. 23.) In petitioner's April 24 filing, he again indicates, though with no specificity, that he may have other claims regarding his sentencing. (See ECF No. 35.)

As respondent has pointed out, and as petitioner concedes, none of these issues have been exhausted. However, petitioner's request for dismissal of the present action indicates that he does not understand that he may attempt to exhaust his state court remedies at the same time he is proceeding in this court. In other words, petitioner is not prevented from filing claims in state court just because he is proceeding in federal court.

If the court accepts petitioner's dismissal of the petition, petitioner risks further statute of limitations complications if he returns and files another petition. The court is required to treat pro se filings liberally. See Hebbe v Pliler, 627 F.3d 338, 342 (9th Cir. 2010). Such care is particularly important in this case where petitioner alleges both mental illness and lack of English

language skills hinder his ability to proceed in a legal action.  See Chick v. Chavez, 518 Fed. App'x 567, 569 (9th Cir. 2013) (further factual development necessary where records show petitioner had some mental impairment that might justify equitable tolling); Winston v. Myles, No. 2:12-cv-1844-JAD-CWH, 2014 WL 1236546, at *2 (D. Nev. Mar. 25, 2014) (same);

The court will consider petitioner's recent filings as attempts to amend his petition to assert new claims.  However, recognizing that any amendment will be futile if petitioner's original petition was untimely,[1] the court will re-open consideration of the statute of limitations and equitable tolling issues.

Accordingly, and good cause appearing, IT IS HEREBY ORDERED that:

1. Petitioner's request to dismiss his petition (ECF No. 35) is denied without prejudice; and

2. Within thirty days of the date of this order, respondent shall provide the court with a copy of petitioner's mental health records from the date of his incarceration in 2007 through the present.  Respondent shall lodge those records with the court under seal either in paper or by e-mailing them to ApprovedSealed@caed.uscourts.gov.  Until ordered to do so, neither party shall file further briefs regarding petitioner's argument that his mental incompetence qualifies him for equitable tolling of the statute of limitations.

Dated:  May 30, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-habeas/reyn2182.eq toll

---

[1] In making this statement, the court expresses no opinion about whether any new claims would "relate back" to the claim made in the original petition.

4